**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| Jeremy Schellhammer<br><br>Plaintiff,<br>v.<br><br>Better Debt Solutions, LLC,<br><br>Defendant. | Case No. 6:26-CV-694<br><br>**JURY TRIAL DEMANDED**<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT** |

Plaintiff Jeremy Schellhammer ("Plaintiff") brings this Original Complaint and Demand for Jury Trial against Better Debt Solutions, LLC ("Defendant") and alleges as follows:

1. This is a complaint pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA"), and Chapter 302 and 305 of the Texas Business and Commerce Code.

2. Through this action, Plaintiff seeks injunctive relief and statutory damages to put an end to Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff.

**PARTIES**

3. Plaintiff is a natural person and received all calls at issue in this matter when he was a resident of McLennan County, Texas.

4. Defendant Better Debt Solutions, LLC is a limited liability company organized under the laws of the State of California, with a principle place of business at 2525 Main St, Suite 500, Irvine California 92614. Defendant may be served via its registered agent Nima Asadi, ESQ., at 19200 Von Karman Ave, STE 600 Irvine, CA 92612.

**JURISDICTION AND VENUE**

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because

Plaintiff asserts claims arising under the TCPA, 47 U.S.C. § 227. *See Mims v. Arrow Financial Services, LLC*, 565 U .S. 368, 372 (2012).

6. Additionally, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs and is between citizens of different states.

7. This Court has pendant jurisdiction over Plaintiff's claims under the Texas Business and Commerce Code pursuant to 28 U.S.C. § 1367 because those claims arise out of the same course of conduct as Plaintiff's TCPA claims.

8. The Court has personal jurisdiction over the Defendant because it directed its calls to Plaintiff who resides in this District. Moreover, the Court has personal jurisdiction over Defendant as Chapter 305 of the Texas Business and Commerce Code authorizes a Plaintiff to bring an action in this state for violations of said chapters. *Tex. Bus. & Com. Code § 305.053*.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff received Defendant's unlawful telephone solicitations in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

**BACKGROUND**

10. Congress enacted the Telephone Consumer Protection Act ("TCPA") to combat "the proliferation of intrusive, nuisance calls to consumers and businesses from telemarketers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (internal quotes omitted).

1. "The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2).

2. Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not Call registry stands out as a model of clarity. It means what it says. If a

person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. The TCPA prohibits the use of pre-recorded messages to make calls. See 47 U.S.C. § 227(b)(3). Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his or her own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. As used herein, "TCPA" refers to both the federal statute 47 U.S.C. § 227 *et seq*. and its implementing regulations 47 C.F.R. § 64.1200 *et seq*.

4. The TCPA establishes a "private right of action" whereby persons can seek both injunctive and monetary relief. 47 U.S.C. §§ 227(c)(5).

5. The TCPA authorizes statutory damages of $500 for each violation and permits the Court, in its discretion, to increase the award to as much as $1,500 for each willful or knowing violation. 47 U.S.C. § 227(c)(5).

6. Telemarketing is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to a person." 47 C.F.R. § 64.1200(f)(13). The term "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

7. The term "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

8. The TCPA prohibits the use of artificial or prerecorded voices when calling cellular telephone numbers. 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA prohibits the use of artificial or prerecorded voices when calling residential telephone numbers. 47 U.S.C. § 227(b)(1)(B).

12. The TCPA prohibits calling any "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. §§64.1200(c)(2). Notably, "[s]uch do-not-call registrations must be honored indefinitely[.]" *Id.*

13. For such violations, the TCPA provides a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c)(5).

***The Texas Telephone Solicitations Act***

14. The Texas Legislature enacted the Texas Telephone Solicitation Act, Tex. Bus. & Com. Code § 305.001 et seq. (the "Texas Act"), to protect Texas residents from intrusive and unwanted telemarketing communications.

15. Like its federal counterpart, the Texas Act was enacted to safeguard the privacy rights of individuals and to prevent the nuisance, invasion of privacy, and disruption caused by unsolicited telemarketing communications.

16. The Texas Act prohibits a person from making a telephone solicitation if the person making the call knows or should have known that the called number is a mobile telephone for which the called person will be charged for that specific call; and the called person has not consented to the making of such a call to the person call. Tex. Bus. & Come § 305.001.

17. The Texas Act provides a private right of action to any person who receives a telephone solicitation in violation of the statute. *Id*. At. § 305.053.

18. A prevailing plaintiff may recover statutory damages of $500 for each violation.

19. If the trier of fact finds that the defendant knowingly or intentionally violated the Texas Act, the court may award additional damages by statute.

20. The Texas Act also authorizes injunctive relief to prevent further unlawful telephone solicitations.

***Section 302 of the Texas Business and Commerce Code***

21. Chapter 302.101 of the Texas Business and Commerce Code states that a seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made. Tex. Bus. & Com. Code § 302.101.

22. It defines a telephone solicitation as a call or other transmission…initiated by a seller or salesperson to induce a person to purchase, rent, claim, or receive an item. *Id*. At. 302.001 7.

23. A salesperson is defined as a person who is employed or authorized by a seller to make a telephone solicitation. *Id*. At. 4

24. A seller is defined as a person who makes a telephone solicitation on the person's own behalf. *Id.* At. 5.

25. A person who violates this chapter is subject to a civil penalty of not more than $5,000 for each violation. *Id*. At. 303.302(a).

26. The party bring the action is also entitled to recover all reasonable costs of prosecuting the action including court costs and investigation costs, deposition expenses, witness

fees, and attorney's fees. *Id*. At. (d).

27. A violation of this chapter is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17. *Id*. At. 302.303(a).

**FACTUAL ALLEGATIONS**

28. Plaintiff is an individual and a "person" under the meaning of 47 U.S.C. § 153.

29. Plaintiff is a purchaser under the meaning of Section 302.001 of the Texas Business and Commerce Code Chapter 302.001.

30. Plaintiff's cellular telephone number is (931) 249-XXXX (the "telephone number").

31. To avoid unsolicited telemarketing calls or texts, Plaintiff registered the telephone number on the National Do-Not-Call Registry approximately two decades ago.

32. Plaintiff uses the telephone number for personal, residential, and household purposes (such as calling friends, family, and scheduling personal appointments).

33. During this time period, Plaintiff has been the sole remunerator (i.e., payer) for any bills arising from his telephone number.

34. Plaintiff has never received a reimbursement from any business for his telephone number.

35. Plaintiff has never taken a business-related-tax-deduction for his telephone number.

36. Defendant engages in prerecorded voice message calls without consent.

21. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit prerecorded voice messages to Plaintiff's cellular telephone number.

22. At no time relevant did Plaintiff have a business relationship with Defendant.

23. Defendant harassed Plaintiff with prerecorded robocalls.

24. By way of example, Defendant sent Plaintiff the following prerecorded voice message to Plaintiff's cellular telephone phone on September 17, 2026:




25. When Plaintiff listened to the voicemails left by Defendant, he noticed that the messages were pre-recorded.

26. The voice sounded consistent, flat, and as if read off a fixed script beforehand in a studio recording session.

27. The voice messages were all generic in content.

28. The voices all sounded artificial in tone and speech pattern, especially when compared to the live voice of the live agent.

29. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all robocalls sent.

30. Plaintiff received a prerecorded message from Defendant on September 16, 2026, at 11:47AM instructing Plaintiff to call back the 877-957-2897 number identified above.

31. Plaintiff also received a prerecorded voice message from Defendant on September 16, 2026 at 7:33PM instructing Plaintiff to call back the same 877-957-2897 number identified above.

32. None of the prerecorded messages left by Defendant identified Defendant.

33. At this point in time, Plaintiff has identified at least eleven calls that Plaintiff reasonably believes originated from Defendant.

34. These calls were similar in nature i.e., pre recorded.

35. These calls similar or identical recordings.

36. These calls solicited Plaintiff for personal loans alleging a personal loan approval.

37. Because Defendant has access or custody of their call logs, Plaintiff will be able to further identify additional calls made by Defendant to Plaintiff.

38. In an effort to identify the source of the illegal calls, Plaintiff called the 877-957-2897 number in the afternoon of September 17, 2026.

39. Plaintiff was connected with a foreign sounding solicitor who asked Plaintiff pre-determined qualifying questions established by the Defendant.

40. Plaintiff feigned interest and proceeded with the call.

41. While on the call, Plaintiff was ultimately live transferred to an American agent.

42. Plaintiff was transferred to a Nima Tolouee.

43. The agent discussed Defendant's debt-relief and loan services and represented that Defendant could assist Plaintiff.

44. Nima Tolouee is an employee or agent of Defendant.

45. As a result of the call, Nima Tolouee ultimately emailed Plaintiff a pre-approval proposal.

46. The email was sent to Plaintiff's personal email address from nima.tolouee@betterdebtsoloutions.com.

47. Defendant owns, maintains, and operates the betterdebtsolutions.com website domain.

48. Nima Tolouee would not have been able to email Plaintiff from the nima.tolouee@betterdebtsolutions.com email address if she was not authorized to do so by Defendant.

49. The email Plaintiff received from Nima Tolouee further identified the Defendant by utilizing the Defendant's logo and marketing schema.

50. The transmission of the pre-approval and financial profile documents demonstrates that the purpose of the call was to market and sell Defendant's debt-relief and loan services to Plaintiff.

51. Plaintiff had no prior business relationship with Defendant before receiving the calls and had never requested information regarding Defendant's services.

52. Defendant used an artificial or prerecorded voice in connection with the calls.

53. Given the generic nature of the messages, the robotic tone of the messages, the content of the messages, the messages Defendant delivered to Plaintiff was prerecorded in nature.

54. Plaintiff suffered actual harm as a result Defendant's subject calls, in connection with which it used an artificial or prerecorded voice messages, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

55. Plaintiff found the artificial or prerecorded voice messages and Defendant's call to be irritating and invasive.

56. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## COUNT I
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §64.1200**

57. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-56.

58. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any … artificial or prerecorded voice to any telephone number assigned to . . . cellular telephone service …" 47 U.S.C. § 227(b)(1)(A)(iii).

59. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an…artificial or prerecorded voice to any telephone number assigned to a

paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

60. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an … artificial or prerecorded voice … other than a call made with the prior express written consent of the called party of the prior express consent of the called party when the call is made …" 47 C.F.R. § 64.1200(a)(2).

61. Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephone of Plaintiff.

62. Defendant did not have prior express written consent to call the telephone of Plaintiff.

63. Defendant has, therefore, violated § b(1)(A)(iii) and §64.1200(a)(1)(iii) and (a)(2) by using prerecorded messages to make non-emergency telephone calls to the cellular telephone of Plaintiff.

64. As a result of Defendant's conduct and pursuant to §227(b) of the TCPA Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for each violation. Plaintiff is also entitled to an injunction against future calls. *Id.*

## COUNT II
## Violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. §64.1200(c)

65. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-64.

66. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous violations of the TCPA,

47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff despite his numbers being on the National Do Not Call Registry.

67. Defendant's violations were negligent, willful, or knowing.

68. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff is entitled to an award of up to $500 in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

69. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from sending telemarketing calls, including calls, to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future

## COUNT III
**Violation of Texas Telephone Solicitation Act**
**(Tex. Bus. & Com. Code § 305.001 et seq)**

70. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-69.

71. The Texas Act prohibits a person from making a telephone solicitation to a person who the person making the call knows or should have known that the called number is a mobile telephone for which the called person will be charged for that specific call; and the called person has not consented to the making of such a call to the person calling… Tex. Bus. & Com. Code § 305.053.

72. The Texas Act defines "telephone solicitation" as a telephone call or message that is initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. *Id.* At. § 305.001.

73. Plaintiff was at all times relevant a resident of the State of Texas upon receipt of Defendant's telephone solicitations.

74. Plaintiff at all times relevant had their personal numbers registered on the National Do Not Call registry for more than 31 calls preceding the violating calls.

75. Plaintiff received more than 1 phone call from Defendant within a twelve month period.

76. Defendant knew or should have known that Defendant was making telephone solicitations to mobile telephone users who were paying or being charged for the calls.

77. Plaintiff did not consent to Defendant soliciting them.

78. Plaintiff was at all times relevant, a resident of the State of Texas.

79. The Texas Act provides a private right of action for a person who receives a communication in violation of the statute.

80. Moreover, a person who receives a communication that violates 47 U.S.C § 227, a regulation adopted under that provision, or Subchapter A may bring an action in this State against the person who originates the communication for an injunction and damages. Tex. Bus. & Com. Code § 305.053(a).

81. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the this state chapter, Plaintiff is entitled to an award of up to $500 in damages for each and every call sent and up to $1,500 in damages if the violations are found to have been knowingly or intentionally done.

## COUNT IV
**Violation of Texas Telephone Solicitation Act**
**(Tex. Bus. & Com. Code § 305.001 et seq)**

82. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-81.

83. At all times relevant, Plaintiff was a resident of the State of Texas when they received violating pre-recorded messages from Defendant.

84. At all times relevant, Plaintiff did not provide his express written consent to be solicited by Defendant.

85. At all times relevant, no emergency necessitated Defendant soliciting Plaintiff with pre-recorded messages.

86. As noted above, the Texas Act provides a private right of action for a person who receives a communication in violation of the statute and that a person who receives a communication that violates 47 U.S.C § 227, a regulation adopted under that provision, or Subchapter A may bring an action in this State against the person who originates the communication for an injunction and damages. Tex. Bus. & Com. Code § 305.053(a).

87. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of up to $500 in damages for each and every call sent and up to $1,500 in damages if the violations are found to have been knowingly or intentionally done.

**COUNT V**
**Violation of Texas Business and Commerce Code § 302.101**
**(Failure to Obtain Telephone Registration Certificate)**

88. Defendant does not qualify under an exemption under Texas Business and Commerce Code § 302.101.

89. The https://direct.sos.state.tx.us/telephone/telephonesearch.asp site ("Texas Registration Database:) does not contain Defendant's registration.

90. Defendant's information does not populate when a search under Defendant's name is done.

91. Upon information and belief, Defendant is not registered to solicit in the state of Texas.

92. Upon information and belief, Defendant is wholly aware of the registration requirement as Defendant has been sued under this cause of action in the past.

93. At all times relevant, Plaintiff was a resident of the State of Texas when Plaintiff received the unwanted solicitation calls from Defendant.

94. At all times relevant, Plaintiff did not provide his express written consent to be solicited by Defendant.

95. At all times relevant, no emergency necessitated Defendant soliciting Plaintiff with pre-recorded messages.

96. A violation of chapter 302 of the Texas Business and Commerce Code is considered a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17. Tex. Bus. & Com. Code § 302.303.

97. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. *Id*. At. 302.003(b).

98. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of Chapter 302 of the Texas Business and Commerce Code, Plaintiff is entitled to an award of up to $5,000 in damages for each and every call sent and an award of all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, requests that the Court enter judgment against Defendant for:

A. Injunctive relief prohibiting Defendant form sending calls soliciting the purchase of its goods or services, except for emergency purposes, to any residential number of the National Do Not Call Registry in the future;

B. Injunctive relief prohibiting Defendant from sending calls soliciting the purchase of its goods or services, except for emergency purposes, with pre-recorded solicitations absent their express written consent;

C. That the Court enter a judgment awarding Plaintiff statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing and willful violation;

D. That the Court enter a judgment awarding Plaintiff statutory damages of $500 for each violation of the Texas Business & Commerce Code §305 and $1,500 for each knowing and willful violation;

E. That the Court enter a judgment awarding Plaintiff statutory damages of $5,000.00 for each violation of the Texas Business & Commerce Code §302 and an award of all reasonable

costs prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

F. An order declaring that Defendant's actions, as set out above, violate the TCPA;

G. An order declaring that Defendant's action, as set out above, violate the Texas Business & Commerce Code;

H. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

I. Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this October 30, 2026.

/s/Omar F. Darwich
The Darwich Law Firm, LLC
Omar F. Darwich
Tx Bar No. 24124686
6090 Surety Dr., #415
El Paso, TX 79905
(915) 671-2221
omar@darwichlegal.com
ATTORNEY FOR PLAINTIFF